CHARLOTTE N. MAKOFF, State Bar No. 131323
JEFFREY T. MAKOFF, State Bar No. 120004
MAKOFFS LLP
1 Blackfield Drive #415
Tiburon, California 94920
Telephone: (415) 366-6777
Facsimile: (415) 840-0237

Attorneys for Plaintiff NELSON MOLINA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON MOLINA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN RAFAEL, a municipal corporation, CHRISTOPHER COALE, individually and in his official capacity as a police offer, TWO UNNAMED OFFERS OF THE SAN RAFAEL POLICE DEPARTMENT, in their individual and official capacities,<br><br>Defendants. | Case No.: C-06-4742 PJH<br><br>STIPULATION TO AMEND COMPLAINT AND ORDER THEREON |

1. WHEREAS Plaintiff filed his Complaint in this matter on August 4, 2006, naming Two Unnamed Police Officers of the San Rafael Police Department as Defendants;

2. WHEREAS Plaintiff has discovered the name and identity of one of the Unnamed Officers;

STIPULATION TO AMEND AND ORDER THEREON
*Molina v. City of San Rafael*, C-06-4742-PJH

3. WHEREAS Plaintiff has determined that the Complaint should therefore be amended to add the name and identity of the Unnamed Officer;

4. WHEREAS Defendants have consented to Plaintiff amending his Complaint;

THEREFORE the parties hereby stipulate to the filing of the Amended Complaint attached hereto as Exhibit A.

SO STIPULATED.

Dated:   February 21, 2007.        Dated:   February 21, 2007.

MAKOFFS, LLP                        BERTRAND, FOX & ELLIOT

By: /s/ Charlotte Makoff            By: /s/

Charlotte N. Makoff, Esq.           Thomas F. Bertrand
Attorney for Plaintiff              Richard W. Osman
                                    Attorneys for Defendants

### ORDER

Good cause appearing, IT IS SO ORDERED.

Dated: 3/2/07

_____
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

STIPULATION TO AMEND AND ORDER THEREON
*Molina v. City of San Rafael*, C-06-4742-PJH

```
 1  JEFFREY T. MAKOFF, ESQ. (CA Bar No. 120004)
    CHARLOTTE N. MAKOFF, ESQ. (CA BAR NO. 131323)
 2  MAKOFFS LLP
    One Blackfield Drive, No. 415
 3  Tiburon, California 94920
    Telephone: (415) 789-8938
 4  Facsimile: (415) 840-0237

 5  Attorneys for Plaintiff
    Nelson Molina
 6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NELSON MOLINA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN RAFAEL, a municipal corporation, CHRISTOPHER COALE, individually and in his official capacity as a police officer, TWO UNNAMED OFFICERS OF THE SAN RAFAEL POLICE DEPARTMENT, in their individual and official capacities,<br><br>Defendants. | Case No. C 06-4742 PJH<br><br>[PROPSED] AMENDED COMPLAINT FOR DAMAGES:<br><br>(1) 42 U.S.C. § 1983<br>(2) Battery<br>(3) Assault<br>(4) Intentional Infliction of Emotional Distress<br>(5) Negligence<br><br>DEMAND FOR JURY TRIAL |

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

# COMPLAINT

1. This is a civil action arising under 42 U.S.C. § 1983 for violation of Plaintiff's 4th Amendment rights and an action for state law causes of action for assault and battery, intentional infliction of emotional distress and negligence.

2. Plaintiff seeks compensatory and punitive damages under 42 U.S.C. § 1983, compensatory and punitive damages for common law causes of action, and reasonable attorney's fees under 42 U.S.C. § 1988 and state law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343(a)(3), (4).

4. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

5. Venue is proper in the Northern District of California because the defendants, or some of them, reside, do business and have agents in this District, all or a substantial part of the events or omissions giving rise to the claims occurred in this District, and the defendants are subject to personal jurisdiction in this District.

## PARTIES

6. Plaintiff is a resident of Novato, California, and at all times relevant to this complaint a resident of Marin County.

7. Plaintiff alleges that at all times material times hereto, the City of San Rafael is and was a municipal Corporation under the Constitution of the State of California. Plaintiff alleges that Defendant City of San Rafael, pursuant to statutes and laws promulgated by the State of California, provides law enforcement through the San Rafael Police Department purportedly to protect and serve persons within the City of San Rafael.

8. At all times relevant to this action, defendant Sergeant Christopher Coale was a police officer employed by the City of San Rafael Police Department to perform duties in the City of San Rafael and on December 26th was assigned to the Canal District in San Rafael.

   a. At all relevant times, defendant Coale was acting as the agent, servant, and employee of the Defendant City of San Rafael Police Department.

   b. Defendant Coale is sued individually and in his official capacity.

9. At all times relevant to this action, Defendant David Casalnuovo was a police officer

- 3 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

1 | employed by the City of San Rafael Police Department
2 | to perform duties in the City of San Rafael and on
3 | December 26th was assigned to the Canal District in San
4 | Rafael.
5 |     a. At all relevant times, defendant Casalnuovo
6 | was acting as the agent, servant, and employee of the
7 | Defendant City of San Rafael Police Department.
8 |     b. Defendant Casalnuovo is sued individually and
9 | in his official capacity.

11.     10. At all relevant times and in all their actions, defendant Casalnuovo was acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

11. On or about December 25, 2005, plaintiff Nelson Molina lived in a single bedroom in a two bedroom rental apartment in the Canal District of San Rafael. At approximately 1:00 a.m. on December 26th, Mr. Molina was in his own room alone on his bed, wearing only brief underpants. The surrounding area was noisy, and Mr. Molina was finding it difficult to fall asleep. His bedroom door was locked and he had his television on. Sometime between 1:00 a.m. and

- 4 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

4:00 a.m., Mr. Molina heard a lot of screaming and yelling in the other rooms in the apartment.

12. At this point in time, Mr. Molina heard someone trying to force open his bedroom door. Mr. Molina got up out of the bed and asked, "Who is it?" The answer was something to the effect of "Police, open the door," and "if you don't open the door we will force it open." Mr. Molina was relieved that it was the Police at the door.

13. Wearing only men's briefs, Mr. Molina got out of his bed and unlatched the door. Defendant Officer Casalnuovo asked Mr. Molina to show his hands, which he did. Three officers entered his small room with their guns drawn and pointed at his face. Mr. Molina pleaded with the officers, "Don't shoot." One of the police officers asked how many other persons or gang members were in the room. Mr. Molina responded that it was only him, that he was only a tenant and that he had nothing to do with the others in the apartment. One of the police officers yelled profanities at Mr. Molina and told him to shut up.

14. Defendant David Casalnuovo stepped forward, grabbed one of Mr. Molina's arms and threw him to the floor. Mr. Molina then pleaded that he had previously injured his back and that they should be gentle. His requests regarding his back were ignored. As Mr.

- 5 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

Molina lay upon the floor face down in his bedroom, obviously unarmed and wearing only underpants. Defendant Casalnuovo placed either his knee or his foot on Mr. Molina's lower back and grabbed Mr. Molina's arm to handcuff his wrist. There was no reason to handcuff Mr. Molina or to use any force. Mr. Molina writhed in unbearable pain. He screamed out that his back hurt. The same officer then placed his second knee or foot on Mr. Molina's back and pressed hard and grabbed Mr. Molina's other wrist for handcuffing. At that point Mr. Molina heard something within his back crack. Mr. Molina, who had been nursing an already injured back, was in more pain than he experienced in his entire life. The officer grabbed the handcuffs behind Mr. Molina's back and ordered him to stand up and walk to the living room area of the apartment. When the officer lifted up Mr. Molina by his handcuffs his back experienced even more pain. Mr. Molina's pain was so excruciating he could barely stand up, let alone walk. With great difficulty he made steps into the living room.

15. Once in the living room Mr. Molina was pushed down to the floor again and was forced to lie face down.

16. Mr. Molina complained that he was in great pain. He was told to shut-up. While handcuffed on

- 6 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

the floor and in great pain, two officers continued to point guns at Mr. Molina. One of the officers asked for everyone's name. Mr. Molina volunteered to translate for other young men in the room who did not speak English. At this point, defendant Sergeant Christopher Coale allowed Mr. Molina to sit in a chair in the dining room. Mr. Molina was in such great pain that he could not stand up. Two of the officers assisted Mr. Molina to stand. His handcuffs were removed and he was walked to a chair in the dining room.

17. After asking Mr. Molina a number of questions two officers escorted him to his bedroom as he could not walk and was still writhing in pain.

18. A few hours later Mr. Molina woke up in a great deal of pain. He continued with pain medication, but the back pain did not subside. He was unemployed and had no way to pay for medical care. He stayed in his rented room for several weeks. When the pain in his back became so great that he could no longer bear it without screaming in pain, Mr. Molina went to Marin General Hospital's Emergency Room. After several visits to the Emergency Room, each time for extreme pain, Mr. Molina was diagnosed with a broken back and was told by doctors that he needed surgery.

- 7 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

19. As a result of the conduct described above in this complaint, Mr. Molina has become completely disabled. He is now unable even to walk across a room without assistance. He must uses a walker or a cane. He requires constant medical treatment.

20. Defendant Christopher Coale authorized and tolerated and ratified the misconduct detailed above by failing to properly discipline, restrict and control the officers at the scene, including David Casalnuovo, both of whom used excessive force against Mr. Molina and thereby caused great physical pain and suffering to Mr. Molina.

## STATE LAW THEORIES OF RECOVERY

21. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-33 of the Complaint.

22. On March 27, 2006, the plaintiff caused a written Notice of Claim For Money Damages Against the City of San Rafael pursuant to Government Code § 911.2. A true and correct copy of the Claim For Money Damages is attached to this Complaint and incorporated by reference in it as Exhibit "A."

23. On June 13, 2006, Plaintiff's claim was rejected in writing by the City of San Rafael. A true

- 8 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

and correct copy of the Notice of Claim Rejection is attached to this Complaint as Exhibit "B."

### FIRST CLAIM FOR RELIEF

### EXCESSIVE USE OF FORCE

### [42 U.S.C. § 1983]

### AGAINST ALL DEFENDANTS

24. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-23 of the Complaint.

25. Defendant David Casalnuovo used excessive force in detaining Nelson Molina.

26. Mr. Molina was wearing only underwear, and had his hands in the air did not pose a threat to the safety of the officers in his apartment. Mr. Molina did not resist or attempt to avoid being detained.

27. The force used by Officer Casalnuovo was excessive.

28. David Casalnuovo was acting or purporting to act in the performance of their official duties.

29. Plaintiff Nelson Molina was harmed.

30. The use of excessive force was a substantial factor in causing Mr. Molina's harm.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE USE OF FORCE
## [42 U.S.C. § 1983]
## AGAINST CHRISTOPHER COALE

31. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-30 of the Complaint.

32. Defendant Christopher Coale is a sergeant with the San Rafael Police Department. Defendant Coale was on duty the night of the above alleged incident. Coale was the supervisor in charge of defendant Officer Casalnuovo and witnessed the excessive use of force they used in detaining Mr. Molina.

33. Christopher Coale authorized, tolerated and ratified the misconduct detailed above by failing to properly discipline, restrict and control the officers at the scene, including but not limited to David Casalnuovo, who used excessive force against Mr. Molina and thereby caused him to suffer great physical pain and suffering.

## THIRD CLAIM FOR RELIEF
## BATTERY
## AGAINST ALL DEFENDANTS

34. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-33 of the Complaint.

35. Defendant David Casalnuovo intentionally caused offensive contact to Mr. Molina's person without consent or privilege.

36. On December 26th, David Casalnuovo intentionally threw plaintiff to the floor and twice intentionally stepped on Mr. Molina's back while putting handcuffs on Mr. Molina. Mr. Molina did nothing to provoke David Casalnuovo, was visibly unarmed, made no attempt to leave and complied with all of Officer Casalnuovo 's requests. The conduct of Cassalnuovo under the circumstances was an excessive use of force without privilege.

37. Casalnuovo severely injured Mr. Molina's back, resulting in extreme pain and discomfort, multiple surgeries and permanent disability.

- 11 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

## FOURTH CLAIM FOR RELIEF

## ASSAULT

## AGAINST ALL DEFENDANTS

38. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-37 of the Complaint.

39. On December 26, 2005, Casalnuovo acted intending to cause harmful contact to Mr. Molina.

40. Mr. Molina reasonably believed that the acts of Casalnuovo would harm and hurt him, and he requested that he be gentle to him as he had just recovered from a back injury.

41. Mr. Molina did nothing to provoke Officer Casalnuovo, was visibly unarmed, made no attempt to leave and complied with all of the officers' requests. The conduct of Officer Casalnuovo under the circumstances was excessive and without Mr. Molina's consent and without privilege.

42. Mr. Molina was harmed and severely injured.

43. The conduct of Officer Casalnuovo was a substantial factor in causing Mr. Molina's harm.

- 12 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

# FIFTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## AGAINST ALL DEFENDANTS

44. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-43 of the Complaint.

45. Defendants' above-described conduct was extreme, unreasonable and outrageous. By engaging in such conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that plaintiffs would suffer extreme emotional distress as a result of defendants' conduct.

46. As a proximate result of said conduct, Mr. Molina suffered severe emotional distress, pain and suffering, fear, anxiety, embarrassment, discomfort and humiliation, all to their general damage in an amount to be proven, and incurred special damages in an amount to be proven.

- 13 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

## SIXTH CLAIM FOR RELIEF

### NEGLIGENCE

### AGAINST ALL DEFENDANTS

47. Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-46 of the Complaint.

48. Defendant City of San Rafael has and had a duty to properly hire, train, oversee, supervise and discipline police officers so as to prevent violations of Mr. Molina's constitutional, statutory, and common law rights and to prevent physical injury to Mr. Molina, and a duty to follow police procedure to avoid harm to Mr. Molina.

49. By the conduct described above, defendants breached the duty of care owed to plaintiffs and proximately caused them general and special damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE Nelson Molina prays for relief as follows against the defendants, and each of them, jointly and severally:

1. For general and compensatory damages according to proof in an amount to be proven at trial;

- 14 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

Feb 22 2007 10:27AM                                      415-840-0237                p.17
Case 4:06-cv-04742-PJH   Document 24   Filed 03/02/07   Page 17 of 18

1      2.   For exemplary and punitive damages against all
2  defendants sued in their individual capacities in an
3  amount to be proven at trial.
4      3.   For costs of suit, including reasonable
5  attorney's fees and expenses of litigation as provided
6  by 42 U.S.C. § 1983;
7      4.   For such other relief as This Honorable Court
8  deems just and proper.

12 Dated: February 21, 2006. MAKOFFS LLP

15 By: *[signature]*
    Charlotte N. Makoff
    Attorneys for Plaintiff
16 NELSON MOLINA

- 15 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED: AUGUST 4, 2006.          MAKOFFS LLP


By: _____
    Charlotte N. Makoff
    Attorneys for Plaintiff
    NELSON MOLINA

- 16 -

[PROPOSED] AMENDED COMPLAINT
*Molina v. City of San Rafael* C-06-4742-PJH